UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHELLE MARIE HOGUE,

       Plaintiff,                           Civil Action No. 18-11319

vs.                                           HON. MARK A. GOLDSMITH

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

**OPINION & ORDER
(1) OVERRULING PLAINTIFF'S OBJECTIONS (Dkt. 20),
(2) ACCEPTING THE RECOMMENDATION OF THE MAGISTRATE
JUDGE (Dkt. 19), (3) DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT (Dkt. 16), AND (4) GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT (Dkt. 17)**

In this social security case, Plaintiff Michelle Marie Hogue appeals from the final determination of the Commissioner of Social Security that she was not disabled and therefore ineligible for supplemental security income payments under the Social Security Act. The matter was referred to Magistrate Judge R. Steven Whalen for a Report and Recommendation ("R&R"). The parties filed cross-motions for summary judgment (Dkts. 16, 17), and Magistrate Judge Whalen issued an R&R recommending that the Court grant the Commissioner's motion for summary judgment and deny Hogue's motion for summary judgment (Dkt. 19). Hogue filed

1

an objection to the R&R (Dkt. 20); the Commissioner subsequently filed a response (Dkt. 21).

For the reasons that follow, the Court overrules Hogue's objection and accepts the recommendation contained in the magistrate judge's R&R. The Commissioner's motion is granted, and Hogue's motion is denied. The final decision of the Commissioner is affirmed.

## I. LEGAL STANDARD

The Court reviews de novo those portions of the R&R to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Under 42 U.S.C. § 405(g), this Court's "review is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" Ealy v. Comm'r of Soc. Sec., 594 F.3d 504, 512 (6th Cir. 2010) (quoting Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007)). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Lindsley v. Comm'r of Soc. Sec., 560 F.3d 601, 604 (6th Cir. 2009) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). In determining whether substantial evidence exists, the Court may "look to any evidence in the record, regardless of whether it has been cited by the [Administrative Law Judge ("ALJ")]." Heston v. Comm'r of Soc. Sec., 245 F.3d 528, 535 (6th Cir. 2001). "[T]he claimant bears the burden of producing sufficient

evidence to show the existence of a disability." Watters v. Comm'r of Soc. Sec. Admin., 530 F. App'x 419, 425 (6th Cir. 2013).

## II. ANALYSIS

Hogue does not state clearly a basis for relief. Hogue's objection, as the Commissioner rightly points out, is general in nature and fails to identify any specific flaw in the magistrate judge's analysis. General objections to a magistrate judge's report or order, without identifying or explaining specific issues of contention or sources of error, are insufficient to trigger this Court's review. See Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 509 (6th Cir. 1991) ("A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless."); see also Watkins v. Tribley, No. 09-cv-14990, 2011 WL 4445823, at *1 (E.D. Mich. Sept. 26, 2011) ("An 'objection' that does nothing more than disagree with a magistrate judge's conclusion, or simply summarizes what has been argued before, is not considered a valid objection."). Although courts are charged with construing pro se litigants' filings liberally, there are limits. Erwin v. Edwards, 22 F. App'x 579, 580 (6th Cir. 2001). Courts cannot liberally construe arguments and theories of relief into existence that are not at least alluded to in a litigant's objections. Id. Hogue's objection does nothing more than disagree with the magistrate judge or rehash

3

arguments already addressed in the report. The Court has reviewed the record and can find no fault with the magistrate judge's reasoning. The Court must grant the Commissioner's motion for summary judgment and deny Hogue's motion.

However, the Court echoes the magistrate judge's recommendation to Hogue that if she believes that her condition has worsened since the ALJ's April 5, 2017 decision, she can and should reapply for disability benefits. See R&R at 17. Thus, the instant ruling is without prejudice to Hogue's right to submit a new claim based on deterioration of her condition after April 5, 2017. See Sizemore v. Sec'y of Health & Human Servs., 865 F.2d 709, 712 (6th Cir. 1988) (denying motion to remand, but without prejudice to the petitioner's right to submit a new claim of disability based on medical reports of deteriorating medical condition).

### III. CONCLUSION

For the above-stated reasons, the Court **OVERRULES** Hogue's objection (Dkt. 20) and accepts the recommendation contained in the magistrate judge's R&R (Dkt. 19). Hogue's motion for summary judgment (Dkt. 16) is **DENIED**. The Commissioner's motion for summary judgment (Dkt. 17) is **GRANTED** and the final decision of the Commissioner is **AFFIRMED**. These rulings are without prejudice to Hogue's right to bring a new claim based on deterioration of her condition after April 5, 2017.

SO ORDERED.

Dated: July 8, 2019        s/Mark A. Goldsmith
       Detroit, Michigan        MARK A. GOLDSMITH
                                United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 8, 2019.

s/Erica Karhoff on behalf of
Karri Sandusky, Case Manager